GEORGE E. FARRINGTON, E. STANWOOD HOLLIS, AND EDWARD W. BANCROFT, EXECUTORS OF THE WILL OF NORTON EUGENE HOLLIS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19811.   Promulgated August 22, 1928.

*Nelson B. Vanderhoof, Esq.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

OPINION.

STERNHAGEN : The first of the two issues is whether the respondent erred in his valuation of the decedent's 96 shares of common stock of the George E. Skinner Co. at $360 a share. Upon this question of fact we are of opinion that the evidence does not establish a lower value.

The petitioner relies largely on the value indicated by the balance sheets taken from the corporate books of account as of September 29, 1923, and November 3, 1923, without analysis. There is also evidence that in 1925 it lost its favorable location in Faneuil Hall, Boston, and that the principal stockholder, who was principally responsible for the conduct and success of the business, had some difficulty in selling the business. The business was sold in 1926. These conditions were neither present nor contemplated in 1923 when the testator died and the value of his stock would not, so far as the evidence shows, have reflected them. At that time the business was in good condition and its earnings had steadily increased from $17,000 in 1920 to $33,000 in 1923. The respondent's valuation is sustained.

The petitioner's second point is that it is entitled under section 403 (a) (3), Revenue Act of 1921, to a deduction of the value at the time of death of an interest bequeathed to the town of Braintree. The interest arises from the provision of the will to the effect that if the daughter should die without issue the property in which she has a life estate shall go to the town. By deposition of physicians it was testified without objection that at the time of decedent's death the daughter had no children and would have none. Thus, it is urged that the bequest to the town was substantial and hence deductible from the gross estate in determining the taxable net estate. Respondent's position is simply that the law presumes conclusively, irrespective of the views of the witnesses, that children may be born to the daughter.

We have examined the many decisions, both English and American, cited by counsel for both parties, and in our opinion they support the respondent's view. In the United States the question has generally arisen in cases where it has been sought to vest in a remainderman title or possession of property during the life of the intermediate tenant. The courts have refused to recognize the possibility that no further issue would be born to claim the remainder. This rule has become uniform and well established. It has been founded on the practical necessity for maintaining the title to property free from confusion and also upon social considerations. The cases cited by petitioner to indicate that the rule is not universal do not in our opinion affect the general doctrine. The intendment of the revenue act is to be read in the light of the well recognized rule rather than of the minor exception, and we see no reason to assume that Congress intended to ignore the rule in order to allow a deduction for the contingent interest of a municipality or charity. The testator intended the bequest to be contingent and the deduction of the revenue act goes no further.

There is no dispute as to valuation. If there were, it would be necessary to consider whether the contingency is so remote as to have little or no effect upon the value of the remainder, as in *First National Bank of Birmingham, Exr. Patterson* v. *Snead*, 24 Fed. (2d) 186, or, on the other hand, whether the contingency is such as to make the remainder of only remote speculative value, as in *Humes* v. *United States*, 48 Sup. Ct. 347; 276 U. S. 487. But the presumption of the law has the effect of saying that the town may at any time by the appearance of issue be deprived of its interest, and it can not be consistently said that the interest may be valued as if it were only to await the death of the life tenant.

*Judgment will be entered for the respondent.*